IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH UNITS
OF THE NAACP, et al.,**

    *Plaintiffs*,

v.                                       Case Nos.: **4:23cv215-MW/MAF**
                                                               **4:23cv216-MW/MAF**
                                                               **4:23cv218-MW/MAF**

**CORD BYRD, in his official capacity
as Florida Secretary of State, et al.,**

    *Defendants*.
_____/

## ORDER DENYING MOTIONS FOR RECUSAL

I have considered, without hearing, Defendant Byrd's motions to disqualify me in each of these consolidated cases and Plaintiffs' responses in opposition. For the reasons that follow, Defendant Byrd's motions are **DENIED**.

In 2021, I was assigned to four cases (the "2021 election cases") challenging several amendments to Florida's election laws as part of a bill known as "SB 90," which the legislature passed during the regular session in the spring of 2021. I consolidated these cases and held a two-week bench trial in February 2022. Following that trial, I issued a 288-page Order on the Merits, which set out my findings of fact and conclusions of law concerning the plaintiffs' claims in the 2021

election cases, including a claim of intentional discrimination that I analyzed under the *Arlington Heights* framework. *See* ECF No. 665 at 39–136 in Case No.: 4:21cv186-MW/MAF.

With respect to the intentional discrimination claim, I found that the record evidence from the two-week bench trial established that a few of SB 90's provisions were intentionally discriminatory in violation of the Fourteenth Amendment, and I permanently enjoined the defendants in those cases from enforcing the discriminatory provisions. *Id*. at 260–61. The defendants appealed my final order, the Eleventh Circuit reversed my ruling on the *Arlington Heights* analysis after reweighing some of the evidence that I had considered at the trial stage, and remanded the cases to me to determine whether the challenged provisions were unconstitutional based on an alternative theory. In my Order on Remand, I summarized my prior finding of intentional discrimination and registered my disagreement with the Eleventh Circuit's reversal of that finding on appeal while also recognizing that the Eleventh Circuit made certain factual findings that implicated plaintiffs' alternative theory for relief on remand. I also explained that even though I had previously found certain provisions to have been intentionally discriminatory, this was not dispositive of the claims on remand and that the defendants faced a lower burden to justify the challenged provisions under a

different analytical framework. Ultimately, I ruled in the defendants' favor and dismissed the plaintiffs' remaining claims with prejudice.

Now Defendant Byrd has moved to disqualify me in *these* consolidated cases because, here, Plaintiffs in Case No.: 4:23cv215 bring an intentional race discrimination claim to challenge more recent amendments to Florida's law regulating third-party voter registration organizations. Defendant Byrd asserts that my Order on Remand in the 2021 election cases suggests that either I have "personal knowledge of disputed evidentiary facts concerning" Plaintiffs' claims of intentional discrimination, or my "impartiality might reasonably be questioned." But Defendant Byrd's motion is meritless.

As to his contention that disqualification is necessary under 28 U.S.C. § 455(b)(1), Defendant Byrd asserts that my reference to a "pernicious and persistent practice of targeting the modalities of voting most used by Florida's Black voters," notwithstanding the Eleventh Circuit's rejection of that finding, suggests that I may have personal knowledge of disputed evidentiary facts concerning Plaintiffs' claim of intentional race discrimination in the cases now before me. But this quoted language was not just some gratuitous aside in my Order on Remand. Instead, I was referring to my original Order on the Merits, in which I spent nearly 100 pages detailing my findings with respect to application of the *Arlington Heights* factors to the claims challenging SB 90. There is no way one can fairly read my Order on

3

Remand—beginning with "As this Court previously found after a lengthy, two-week bench trial . . ."—to mean that I was finding new facts or relying on undisclosed evidence. It is telling that Defendant Byrd chose to delete this part of the paragraph he cites in his motion for recusal. There is also nothing in my Order on Remand to suggest that I will rely on any evidence outside the record in the cases now before me to resolve Plaintiffs' intentional discrimination claims. This is not a valid basis for disqualification.

Defendant Byrd also asserts these statements in my Order on Remand call into question my impartiality in this case. Under 28 U.S.C. § 455(a), a judge must disqualify himself or herself from "any proceeding in which his [or her] impartiality might reasonably be questioned." But "[t]he question is not whether 'the hypersensitive, cynical, and suspicious person' might harbor doubts." *Common Cause Fla. v. Lee*, Case No. 4:22cv109-AW/MAF, 2022 WL 2343366, at *4 (N.D. Fla. Apr. 6, 2022) (quoting *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003)). Instead, Section 455(a) mandates disqualification only when "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which disqualification was sought would entertain a significant doubt about the judge's impartiality." *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007). Here, Defendant Byrd is essentially asserting that because I "doubled down" on my earlier finding that certain provisions of SB 90 were passed with discriminatory

intent in my Order on Remand, this evinces a bias against all future legislative action going forward. But my Order on Remand in the 2021 election cases says nothing about the challenged provisions now before me or future amendments to Florida's election regulations in general. My disagreement with the Eleventh Circuit's reversal of my findings with respect to a different bill passed years earlier by a different legislature cannot raise substantial doubts about my ability to be impartial in *this* case. Simply put, a fully informed, disinterested lay person would understand that I must apply a fact-intensive analysis that is dependent upon the context to each case—and here, I have said nothing to suggest that I will rely upon a past finding of intentional discrimination from an earlier case to invalidate state laws going forward. Indeed, if Defendant Byrd's standard for disqualification applied, any judge who finds that a legislature enacted an intentionally discriminatory law under *Arlington Heights* would be forever disqualified from hearing any future claims of intentional discrimination against different legislation passed by a different legislature. But that is not the law.

Defendant Byrd also misplaces his reliance upon distinguishable cases to advance his untenable standard. For example, Defendant Byrd cites the Sixth Circuit's opinion in *United States v. Liggins*, 76 F.4th 500 (6th Cir. 2023), where a judge became upset with a criminal defendant and stated on the record during a hearing in that defendant's case that "this guy looks like a criminal to me" and "this

5

is what criminals do." *Id*. at 503. But here, my statements in an Order on Remand in the 2021 election cases were not directed at any party in those cases or the cases now before me—instead, my statements concerned a finding I had previously made in the 2021 election cases about a different legislature, a different legislative session, and different legislation. It would be a different case had I made gratuitous statements about Defendant Byrd, but that is not what happened.

Defendant Byrd does get one thing right. Namely—the bar for recusal is high. But it is not met here. My colleague got it right in another case when he noted that although it might seem easier to recuse in order to dispel even a "hint" of prejudice, the Eleventh Circuit has emphasized that the easy way out is not the answer. *See Common Cause Fla.*, 2022 WL 2343366 at *5. "If this occurred the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges." *Id*. (quoting *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986)). Ultimately, "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Id*. (quoting *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014)). Accordingly, absent a reasonable basis for disqualification, I am required to hear the cases assigned to me. Defendant Byrd's

motions, ECF No. 224 in Case No. 4:23cv215, ECF No. 96 in Case No.: 4:23cv216, and ECF No. 138 in Case No.: 4:23cv218, are **DENIED**.

**SO ORDERED on February 27, 2024.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**